UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNIS C. WOODS,

        Plaintiff,

v.                                        Case No. 3:18-cv-330-J-34MCR

SUWANNEE CORRECTIONAL
INSTITUTION, et al.,

        Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Dannis C. Woods, an inmate of the Florida penal system, initiated this action on March 7, 2018, by filing two emergency motions: a "Motion for Temporary Injunction / Violations / Restraining Order" (Doc. 1; TRO Motion) and a "Motion to Order" defendants to undergo a polygraph test, drug test, and alcohol test (Doc. 2; Motion to Order) (collectively, Motions). Woods names as defendants the Suwannee Correctional Institution (SCI); security of CM 1, 2, 3; Sgt. R. Smith; Ofc. C. Smith; Ofc. Thornton; and "etc." In the TRO Motion, Woods complains about his conditions of confinement amounting to "modern day slavery," as far back as 1996. TRO Motion at 1-2. He asserts the Defendants have engaged in "organized hate crime," including a "secret mission" to hurt or kill him. Id. at 2. He claims that the Defendants follow him, spy on him, stalk him, attack him, and kill him, at appointed times throughout the day. Id. While unclear, it also appears Woods asserts his underlying conviction was invalid resulting in his false imprisonment. Id. at 3. He even suggests the victim's family is attempting to harm him and has put a "hit on [him] all over the D.O.C." Id.

The Motion for TRO includes an inmate sick call request dated March 1, 2018, and an inmate request dated January 23, 2018, in which Woods complains of severe pain all over his body. He claims he was assaulted by FDOC officials, which resulted in multiple fractured bones.[1] Id. at 6-7. In the Motion to Order, Woods asserts that a "federal thorough strict investigation must be underway" at SCI, and he requests the Court order all Defendants to be removed from their positions at SCI. Motion to Order at 1, 3. In both Motions, Woods claims that he fears for his life,[2] and he requests that the Court view video footage from February 28, 2018, and March 1, 2018. TRO Motion at 4; Motion to Order at 2-3.

The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Woods has failed to carry his burden, and he has failed to comply with the strictures of the applicable

---

[1] An administrative assistant denied his inmate request, stating that medical personnel had examined Woods and obtained x-rays, and a doctor followed-up with him after his visit to sick call.

[2] In light of Woods' assertions and in an abundance of caution, the Clerk of Court sent a copy of his Motions and the Amended Standing Order regarding an inmate's claim of suicidal intent or imminent physical harm to the Inspector General and the Warden at SCI.

Federal Rules of Civil Procedure and this Court's Local Rules.[3] Therefore, his TRO Motion is due to be denied. Woods' Motion to Order is also due to be denied. This Court lacks the authority to require prison staff to undergo polygraph or drug tests, to order an investigation of the institution, or to order SCI to discharge certain employees.

To the extent Woods is attempting to raise claims regarding his conditions of confinement or a denial of medical care, he has not filed a civil rights complaint form. To the extent Woods seeks the Court's intervention with regard to his grievance requesting medical care, he has not stated a claim entitling him to relief. See Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (recognizing prisoners have no constitutionally-protected interest in prison grievance procedures). For the foregoing reasons, this case will be dismissed without prejudice to Woods' right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one. If Woods chooses to file a civil rights complaint, he may do so on the proper form, submit a copy of the form for each Defendant, and submit the filing fee.[4] Moreover, his complaint should be limited to a single incident or related incidents. If the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint.

Therefore, it is now

**ORDERED:**

1.  Woods' Motion for injunctive relief (Doc. 1) is **DENIED**.

---

[3] See Fed. R. Civ. P. 65; Local Rules 3.01(a), 4.05(b)(3)-(4), 4.06(b)(1), Local Rules, United States District Court for the Middle District of Florida.

[4] Woods is not permitted to proceed as a pauper because he is a "three strikes" litigant, as previously recognized by this Court. See Woods v. State of Fla., et al., No. 3:16-cv-565-J-34MCR (M.D. Fla. May 10, 2016).

2. Woods' Motion to Order defendants to undergo polygraph and drug testing (Doc. 2) is **DENIED**.

3. This case is hereby **DISMISSED without prejudice** to Plaintiff's right to initiate a civil rights action in this Court, if he elects to do so.

4. The **Clerk** shall send Woods a civil rights complaint form. If Woods chooses to file a claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

5. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of March, 2018.

*MARCIA MORALES HOWARD*
United States District Judge

Jax-6
c: Dannis C. Woods, #270175